UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RAFAEL ARDEN JONES a/k/a RAFAEL
ARDEN JONES Sr.,

                Plaintiff,                 **MEMORANDUM & ORDER**
                                                                  21-CV-6236 (PKC) (RER)
      - against -

UNITED STATES FEDERAL COURTS
INVESTIGATOR JOHN DOE, et al.,

                Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff, currently incarcerated at the Vernon C. Bain Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 in connection with events that allegedly occurred in St. Louis, Missouri from April 16, 2005 to November 3, 2021. (*See* Complaint ("Compl."), Dkt. 1, at 4.) Plaintiff seeks to proceed *in forma pauperis*, *i.e.*, without paying the usual fees associated with a lawsuit, including the filing fee. (*See* Dkt. 3.) Plaintiff's request, however, must be denied under subsection (g) of 28 U.S.C. § 1915, the statute governing the grant of *in forma pauperis* status to incarcerated plaintiffs.

      28 U.S.C. § 1915(g) states that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez,* 140 S. Ct 1721 (2020) ("Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Polanco v. Hopkins*, 510 F.3d 152, 155–56 (2d Cir. 2007) (upholding

1

constitutionality of § 1915(g)); *see also Carolina v. Rubino*, 644 F. App'x 68, 70–72 (2d Cir. 2016) (same).

Plaintiff has, while incarcerated, previously brought three or more cases that were dismissed on the grounds that they were frivolous, or malicious, or failed to state a claim upon which relief could be granted. (*See* Opinion, Memorandum, and Order, *Jones v. Norman*, No. 13-CV-596 (AGF), ECF 4, (E.D. Mo. Apr. 3, 2013) (denying Plaintiff's motion for leave to proceed *in forma pauperis* and dismissing the case pursuant to 28 U.S.C. § 1915(g) because Plaintiff had already brought three or more cases while incarcerated that were dismissed on the grounds that they were frivolous, or malicious, or failed to state a claim upon which relief could be granted (*citing Jones v. Brayer*, No. 07-CV-1723 (ERW), 2007 WL 3377009, (E.D. Mo. Nov. 13, 2007) (dismissing case for failing to state a claim, being frivolous, and being malicious in seeking the death penalty against the defendants); *Jones v. Brayer*, No. 07-CV-1704 (RWS), 2007 WL 3353925, (E.D. Mo. Nov. 9, 2007) (same); Opinion, Memorandum, and Order, *Jones v. Isom*, No. 08-CV-1584 (TIA) (E.D. Mo. Dec. 5, 2008), ECF 6 (dismissing case for failing to state a claim and being frivolous)).[1]) In addition, Plaintiff does not allege that he is under imminent danger or serious physical harm, which would allow him to proceed *in forma pauperis* despite the dismissals of his prior cases. *See* 28 U.S.C. § 1915(g).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied and this case is dismissed without prejudice for failure to pay the filing fee or establish eligibility to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert his claims, he must file a new action and pay the $402 filing fee to the Clerk of Court of the Eastern District of New York.

---

[1] A review of the Public Access to Court Electronic Records (PACER), a national database of cases filed in the federal courts, indicates that Plaintiff has filed 53 civil cases in the United States District Court for the Eastern District of Missouri alone.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                   SO ORDERED.

                   */s/ Pamela K. Chen*
                   Pamela K. Chen
                   United States District Judge

Dated: December 15, 2021
     Brooklyn, New York